GATES HOTEL COMPANY, a Corporation, Appellant, v. FEDERAL INVESTMENT COMPANY, a Corporation.

GATES HOTEL COMPANY, a Corporation, v. FEDERAL INVESTMENT COMPANY, a Corporation, Appellant.—52 S. W. (2d) 1016.

Division One, September 3, 1932.

108

*Salkey & Jones* for Gates Hotel Company; *Benjamin C. Klene* of counsel.

*Claud D. Hall* and *C. P. Berry* for Federal Investment Company.

FRANK, J.—This is an action in equity by plaintiff, Gates Hotel Company, to enforce an alleged trust in certain real and personal property located in the city of St. Louis. The decree below was in favor of plaintiff and both parties appealed.

It appears from plaintiff's petition that plaintiff was the owner of a certain hotel building known as the D'Arle Hotel, together with the furniture and fixtures therein; that said building was encumbered by a first deed of trust in the sum of $30,000, and by a second deed of trust securing fifty-five notes of $500 each; that the furniture and fixtures in said hotel was encumbered by a chattel mortgage given to secure the payment of a note for the principal sum of $4,240.45; that said chattel mortgage was foreclosed and the Royal Investment Company purchased said furniture and fixtures at such foreclosure sale and sold and delivered same to defendant, Federal Investment Company; that on March 8, 1913, the second deed of trust on the hotel building was foreclosed and defendant Federal Investment Company bought the property at such foreclosure sale for $9,500.

The petition further alleges that defendant agreed to purchase said hotel at the foreclosure sale as trustee for plaintiff. The specific allegations respecting this alleged agreement read as follows:

"Plaintiff says that said sale was made as a part of a plan of the defendant to defraud plaintiff of its hotel property.

"That at the time of and prior to said sale under said deed of trust, it was expressly understood and agreed between plaintiff and the defendant in consideration of the mutual promises herein set forth between plaintiff and defendant as well as in further consideration of a chattel mortgage then executed and delivered by plaintiff for the use and benefit of a corporation known as the Royal Investment Company, then owned, operated and officered by the persons hereinbefore named, in which chattel mortgage was described and pledged as security for a loan of $4,240.45, all of plaintiff's furniture, effects and personal property and hotel furnishings, then owned by it and by it used in operating the said D'Arle Hotel; that although a sale of said property was to be made, that the same was only to be colorable, and that the relation of mortgagor and mortgagee, as between plaintiff and defendant, should continue unaffected by said sale, and that in purchasing said property at said sale, the defendant was purchasing the same as trustee for plaintiff, and that it would continue to hold the same as trustee for plaintiff until such time as the rental and income therefrom would pay the said balance of said second deed of trust, and agreed that it would collect the same and apply the same for that purpose, and that upon the full payment of said

second deed of trust, and interest, it would re-convey the title of said property to plaintiff, and release and satisfy said second deed of trust; that defendant thereafter for a period of about seven years continued to recognize plaintiff as owner of said property, during all of which time it collected and retained the income from the said property, but never accounted for same to plaintiff, under the agreement aforesaid, and for the first time repudiated said relationship in or about the month of June, 1920, and has continued to refuse to so recognize plaintiff since that time.

"Plaintiff says that said agreement, that plaintiff would continue to be the owner of said property, despite the sale under the deed of trust, was on its part made in good faith, but was made by defendant, as plaintiff has since learned, for the purpose of carrying out its plan to cheat and defraud plaintiff of its said property."

It is also alleged in the petition that on June 15, 1920, defendant sold said hotel property to the Young Women's Christian Association for the sum of $50,000, and that said association bought such property without knowledge of plaintiff's rights therein.

As to the foreclosure of the chattel mortgage on the furniture and fixtures in the hotel building, the petition alleges that the following agreement was made with respect thereto:

"Plaintiff further says that at and prior to February 27, 1913, the date of said chattel mortgage deed of trust, and as a part of the transactions under which it was made, as well as that of the sale of the real estate of the D'Arle Hotel, hereinbefore mentioned, both of which were a part of the same transaction, and in consideration of the execution and delivery of said chattel mortgage deed of trust and note, it was expressly and distinctly agreed and understood between plaintiff and said Royal Investment Company, represented by its aforesaid officers, that a sale was to be made under the terms of said chattel mortgage deed of trust, and that such a sale would in no wise change or alter plaintiff's rights and interest therein; and that plaintiff's rights and interest in same would be unaffected by such a sale, and that said personal property would be returned to plaintiff when the amount and interest of said note was repaid; that said note was repaid long ago.

"Plaintiff further says that defendant knew of said agreement between plaintiff and said Royal Investment Company at the time said chattel mortgage deed of trust was executed and delivered, as well as when it acquired such title as it did by virtue of the transfer to it of said personal property by said Royal Investment as aforesaid."

The prayer of the petition reads as follows:

"Wherefore, plaintiff prays that the court may order the defendant to make and state an account between plaintiff and defendant, with reference to the matters herein set forth; that the court may ascertain on an accounting the sum or sums due it, and give it judgment therefor; plaintiff offers to do equity in the premises and to pay such sums as the court may find are equitably due defendant, if any. Plaintiff further asks for such other relief as the court, on a hearing, may find just and equitable, and for costs."

Defendant's answer (1) denies generally the allegations of the petition, and (2) pleads specific facts as a defense to plaintiff's alleged cause of action.

At a preliminary hearing the chancellor found the facts as alleged in plaintiff's petition and made the following order of reference:

"And the court doth order, adjudge and decree that the cause be referred to Forest G. Ferris, as referee, to take and state an account between plaintiff and defendant on the basis of the findings herein above set out and of all transactions in relation thereto, including the sale price of Fifty-four Thousand ($54,000) Dollars at which said hotel property was sold in June, 1920, and charging the defendant with the same, allowing plaintiff six per cent annual interest from the date of sale to the date of report, and said referee in the taking of said account is to make unto the parties all just allowances, and report same to this court, and also report to this court what balance shall appear to be due from either party to the other. And all other matters are reserved until the report of said referee shall be made herein."

The referee heard the evidence, stated an account between the parties and filed his report with the court. Exceptions were filed to the referee's report, some of which were sustained and others overruled. The final decree in the case adjudged that plaintiff recover judgment against the defendant in the sum of $67,008,43, with six per cent annual interest thereon from date and for costs.

██ ██ As to the real estate involved in this suit, the pleadings and evidence with respect thereto, for practical purposes, are identical with the pleadings and evidence in the case of Gates Hotel Company v. C. R. H. Davis Real Estate Company, 52 S. W. (2d) 1011, 331 Mo. 94. We held in that case that defendant's alleged oral promise to buy the land at foreclosure sale, hold same as trustee for plaintiff until the income therefrom was sufficient to discharge the debt, then reconvey to plaintiff, was a void promise because not in writing. [Secs. 2967 and 3104, Revised Statutes 1929.] We denied a recovery in that case on the ground there was no show-

ing of fraud or such performance of the oral promise as would remove it from the operation of the statute. For the reasons stated in that case, to which we refer the reader without repeating them here, we hold in this case that plaintiff has no interest in the real estate involved in·this action, and therefore, deny a recovery on this branch of the case.

■ ■ We will next take the claim of plaintiff relative to the foreclosure of the chattel mortgage on the personal property. The petition alleges that it was expressly and distinctly agreed between plaintiff and Royal Investment Company that a sale of the personal property under the chattel mortgage would not alter plaintiff's interest therein, and that such property would be returned to plaintiff when the note secured by the chattel mortgage was paid in full.

Section 3104, Revised Statutes 1929, which requires express trusts in real estate to be evidenced by a writing has no application to personal property. A trust in personal property may be established by parol. [Harris Banking Co. v. Miller, 190 Mo. 640, 666, 89 S. W. 629.] It is settled law that a completely executed voluntary trust will be enforced. [Frank v. Heimann, 302 Mo. 334, 345, 258 S. W. 1000.] But it is equally well settled that a mere voluntary executory agreement for a trust, such as we have in this case, cannot be enforced. [Harding v. Trust Company, 276 Mo. 136, 207 S. W. 68.] ■ ■ The substance of the agreement relied upon by plaintiff to establish a trust in the personal property covered by the chattel mortgage is that defendant promised to bid in the property at the foreclosure sale under the chattel mortgage, hold same as trustee until the debt secured by the chattel mortgage was paid, then return the property to plaintiff. This is a naked promise to do something in the future, not supported by a consideration and, therefore, not enforcible. While the petition alleges that the oral promise of defendant to bid the property in and hold same for plaintiff was made in consideration of the execution of the chattel mortgage, to permit plaintiff to so show would contradict the terms of the chattel mortgage. It is a well-settled rule that parol evidence is competent to prove the true consideration of a written instrument, but such evidence is not competent when it is inconsistent with or contradicts the very terms of the instrument itself. In other words, a party will not be permitted, under the guise of proving the consideration, to destroy the legal effect of the instrument. [Betts v. Harvey, 297 S. W. 995.]

By the terms of the chattel mortgage, it was the mandatory duty of the trustee named therein, in case of default in the payment of the note and at the request of the holder thereof, to sell the property at public auction to the highest bidder for cash in hand and

apply the proceeds as directed in the chattel mortgage. The trustee would not be permitted to perform the duties enjoined upon him by the terms of the mortgage, if effect be given to the parol agreement relied upon by plaintiff. The law will not permit the terms of the chattel mortgage to be rendered nugatory by a parol agreement which is wholly voluntary and executory. Plaintiff lost his equity, if any, in the personal property by foreclosure of the chattel mortgage.

The conclusion we have reached as to both the real and personal property, leaves no basis for an accounting between the parties. This result determines both appeals.

The decree below should be reversed. It is so ordered. All concur.